IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| WILLIAM R. DRAKE, JR., | * | |
| Plaintiff, | * | |
| v. | * | 1:10-CV-668-ID |
| | | (WO) |
| ANDY HUGHES, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, William Drake, an inmate incarcerated at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against Sheriff Andy Hughes, Doug Valeska, David Atwell, and Eric Davis of the Houston County District Attorneys Office, Donovan Aries, Anthoney Hatcher, Sergeant Bill Rafferty, Jacky Smith, and Sergeant Kilpatrick of the Houston County Sheriff's Department, and Dale Swanner, Carl Scott, and Sheriff Heath Elliot of the Seminole County Sheriff's Department in Donalsonville, Georgia. Plaintiff complains that Defendants entrapped him and otherwise obtained incriminating information from him in an illegal manner, Defendant Hughes falsely reported his sister's death, and he entered guilty pleas unknowingly but now has evidence which will exonerate him. Plaintiff seeks a physical and mental evaluation, his day in court, and a favorable bond in order to obtain mental and physical stability from his physician. Plaintiff also requests $20 million in damages, a retraction from the Dothan Eagle newspaper and Sheriff Hughes

concerning the false report of his sister's death, and an apology to Plaintiff's family over the false report. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. The District Attorneys*

Plaintiff names Doug Valeska, David Atwell, and Eric Davis of the Houston County District Attorney's Office as defendants. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

>   (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

In their role as "as an 'advocate' for the state," Defendants Valeska, Atwell, and Davis' actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted).  They are, therefore, "entitled to absolute immunity for that conduct." *Id*.

While "prosecutors do not enjoy absolute immunity from [declaratory and injunctive relief] claims," *see Tarter v. Hury*, 646 F.2d 1010, 1012 (5th Cir. 1981), in order to receive declaratory or injunctive relief, Plaintiff must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law. *See Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982).

Here, there is an adequate remedy at law for the violations alleged by Plaintiff in his complaint.  Specifically, Plaintiff may appeal any rulings or actions taken in his criminal case not only to the highest state court with jurisdiction to hear the claim but also to the United States Supreme Court. In addition, Plaintiff may seek a writ of habeas corpus in this court. *See* 28 U.S.C. § 2254. Accordingly, there is an adequate remedy at law and Plaintiff is not entitled to declaratory or injunctive relief in this case against Defendants Valeska, Atwell, and/or Davis.

*B. Sheriff Andy Hughes*

Plaintiff complains that Defendant Hughes released information to the Dothan Eagle newspaper that Plaintiff's sister had died. Plaintiff complains that this conduct subjected his family to grief and financial problems and caused him to lose 137 pounds as well as suffer shock and memory loss.[2] (*Doc. No. 1*.0

The law is well settled that the Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v. Williams*, 474 U.S. 327 (1986). In this case, Plaintiff's claims with respect to Defendant Hughes' incorrect reports of his sister's demise, at best, shows only a lack of due care by a prison official which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *see also Whitley v. Albers,* 475 U.S. 312, 319 (1986) (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's interests or safety").

Based on the foregoing, the court concludes that the alleged negligent conduct about which Plaintiff complains does not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action.

*C. The Challenge to Plaintiff's Convictions and/or Pending Charges*

To the extent Plaintiff seeks to challenge the fundamental legality of his confinement,

---

Plaintiff states that he went from 302 pounds to 165 pounds. (*Doc. No. 1 at pg. 3*.)

4

such claims provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that claims for damages arising from challenges to the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a sate prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at 481.

In *Balisok*, the Court further determined that a prisoner's "claim for [both] declaratory relief and money damages" based on an alleged denial of due process that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court "remphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is

5

not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his incarceration stemming from those convictions to which he asserts he entered guilty pleas. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of his convictions and/or sentence. It is clear from the complaint that the convictions and/or sentence about which Plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the convictions and/or sentence is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent Plaintiff seeks to challenge the validity of criminal charges which may remain pending against him before the state courts of Houston County, Alabama, such claim likewise may not proceed. Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief."

The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*., 401 U.S. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal

constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). That is, Plaintiff may pursue his constitutional challenges in any on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement on any charges which may currently be pending against him. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck* prohibits."). In light of the foregoing, dismissal of Plaintiff's challenge to state criminal charges which may be pending against him is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Defendants Valeska, Atwell, and Davis be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

2. Plaintiff's negligence claim be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

3. Plaintiff's challenge to the constitutionality of his convictions and sentence and/or pending criminal charges be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

4. This case be DISMISSED prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **October 8, 2010**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 22nd day of September 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE